

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ENTERED
06/18/2010

| | | |
|---|---|---|
| IN RE: | § | |
| MARICELA ZUNIGA STAGG; dba | § | CASE NO: 10-50046 |
| INTRIGUE THE SALON | § | |
| Debtor(s) | § | |
| | § | CHAPTER 13 |
| | § | |
| MARICELA ZUNIGA STAGG | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 10-5007 |
| | § | |
| GMAC MORTGAGE, LLC | § | |
| Defendant(s) | § | |

## CASE MANAGEMENT ORDER

In this adversary proceeding, Maricela Stagg ("Debtor") seeks to avoid the foreclosure on her residence that took place four days before she filed a voluntary petition commencing her chapter 13 bankruptcy case. The validity and perfection of the deed of trust and most details of the foreclosure process are stipulated. Debtor argues (i) that the homestead remained property of the estate because the deed from the foreclosure sale had not been executed or recorded prior to the date that the bankruptcy petition was filed, and alternatively (ii) that she can avoid the foreclosure under Bankruptcy Code § 544(a)(3). The foreclosing creditor, GMAC Mortgage, LLC ("GMAC"), argues that the residence was no longer property of the estate when the bankruptcy petition was filed and that the foreclosure cannot be avoided. On June 4, 2010, the parties submitted stipulated facts and at a hearing on June 9, 2010, (on chapter 13 plan confirmation) the parties told the Court that the matter could be submitted on those stipulated facts. The Court agreed to review the stipulated facts, to decide the matter from the stipulated facts if possible, and to issue a case management order if decision from the stipulated facts was not possible. The Court concludes that the matter cannot be decided on the stipulated facts.

## STIPULATED FACTS

Prior to March 2, 2010, GMAC held a properly perfected first lien and deed of trust on Debtors homestead. On March 2, the Substitute Trustee under the deed of trust conducted a foreclosure sale that generally complied with applicable Texas law. The Substitute Trustee sold the collateral to GMAC, the lienholder. The parties have not stipulated whether the substitute trustee made any written record of the sale, but it is stipulated that the substitute trustee did not contemporaneously execute or record a trustee's deed.

On March 6, Debtor filed a voluntary petition commencing her bankruptcy case and on March 9 Debtor's counsel gave GMAC notice that the bankruptcy petition had been filed.

On March 15, the Substitute Trustee executed a deed.  The deed was recorded on March 22.

## CONTESTED ISSUE OF LAW

The parties have postured three issues for decision (document # 17):
1. "Whether the Subject Property became property of the bankruptcy estate at the commencement of the underlying bankruptcy proceeding."
2. "Whether the Foreclosure was completed prior to the commencement of the underlying case?"
3. "Whether the Plaintiff has standing as a hypothetical *bona fide purchaser.*"

The Court understands the third issue to be whether Debtor has the right to exercise the right to avoid a pre-bankruptcy transfer of property under Bankruptcy Code § 544(a)(3).

## CONCLUSIONS OF LAW

A.    Chapter 13 Debtors Have Standing to Exercise § 544 Avoidance Powers

*In Matter of Hamilton*, 125 F.3d 292 (5th Cir. 1997) the Fifth Circuit definitively decided that chapter 13 Debtors may exercise avoidance powers under Bankruptcy Code § 544(a)(3) if the property is exempt property and if the trustee does not exercise the avoidance power.

The Court can find only one arguable distinction between the *Hamilton* facts and those of the case at bar.  In *Hamilton,* the trustee's deed may have been executed prior to the date that the bankruptcy petition was filed.  In the instant case, it is stipulated that the trustee's deed was not executed until after the bankruptcy petition was filed, and indeed until after GMAC had actual knowledge of the commencement of the bankruptcy case.  Therefore, the result of *Hamilton* may apply *a fortiori* and may even suggest a violation of Bankruptcy Code § 362(a)(3).

B.    Chapter 13 Debtor's Standing to Exercise § 544(a)(3) rights:

Bankruptcy Code § 544(a)(3) gives a bankruptcy trustee the right to avoid

" … a transfer of real property that is not perfected and enforceable against a bona fide purchaser at the time the bankruptcy petition is filed."[1]

If the transaction involves exempt property and the trustee does not exercise his authority, Bankruptcy Code § 522(h) allows a chapter 13 debtor to exercise that right. *Matter of Hamilton, supra.*

---

[1] *Hamilton* at 298.

It is stipulated that the transfer was not perfected at the time that the bankruptcy petition was filed.  But that does not answer the question of whether a purchaser on the bankruptcy petition date would be a bona fide purchaser.

> Under Texas law, a hypothetical purchaser would gain good title to Hamilton's property after it was sold at a valid foreclosure sale but before the substitute trustee's deed was recorded, unless the purchaser had notice of the foreclosure purchase.[2]

> Texas law recognizes the doctrine of inquiry notice, triggered by notice of facts that would put a reasonably prudent person on a duty of inquiry… Under Texas law, constructive notice of a recorded deed of trust in the chain of title puts a subsequent purchaser under a duty to make a reasonable inquiry into the status of the deed of trust.[3]

> A reasonably prudent hypothetical purchaser of the Hamilton property, on constructive notice of the deed of trust, two days after the foreclosure sale but before the substitute trustee's deed was recorded, would have made a reasonable inquiry into whether the deed of trust had been released, extended, renewed, or foreclosed, using information at hand.[4]

> A hypothetical purchaser is only under a duty of reasonable inquiry, by exercise of the means of information at hand, including a search of the real property records in the chain of title, and if the deed of trust remained unsatisfied, to inquire of the mortgage company identified in the recorded deed of trust. If such an inquiry would not disclose the foreclosure sale and substitute trustee's deed, then the hypothetical purchaser could rely on the absence of any record.[5]

The parties have not stipulated as to what a hypothetical purchaser would have learned from the lienholder of record in this case, and therefore the Court cannot apply the *Hamilton* test without further proceedings.

C.    <u>Was the Residence Property of the Estate When the Bankruptcy Petition Was Filed?</u>

A bankruptcy estate is comprised of all legal or equitable interests in property owned by the debtor at of the commencement of the case.  11 U.S.C. § 541(a)(1).  Therefore, if the foreclosure sale was completed prior to the commencement of the underlying case, then the Subject Property is not property of the bankruptcy estate.  However, if the foreclosure sale was not completed prior to the commencement of the bankruptcy action, then the Subject Property is property of the bankruptcy estate.

---

[2] *Hamilton* at 299.
[3] *Id.*
[4] *Id*. at 301.
[5] *Id.* at 302.  Special attention may be focused on footnote 11 in the *Hamilton* opinion.

1.      **Whether the Foreclosure was completed prior to the commencement of the underlying case.**

A foreclosure sale must comply with the Texas Property Code provisions governing the sale of real property under contract lien and the sale must comply with the statute of frauds. TEX. PROP. CODE ANN. § 51.002 (Vernon 2010); TEX. BUS. & COM. CODE ANN. § 26.01 (Vernon 2009).

The parties have stipulated that the sale in this case satisfies the procedural requirements of notice, *etc.*, for sales under deeds of trust (set out in § 51.002).. The statute of frauds "requires that a contract for the sale of real property be in writing and be signed by the person to be charged with the agreement." *Capital Reserve Corp. v. Day*, No. 2-03-264-CV, 2004 Tex.App. LEXIS 10901, at *3 (Tex. App.—Fort Worth Dec. 2, 2004, *pet. denied*) (mem. op.). "Beginning in the 19th century, Texas courts have held that the statute of frauds does apply to foreclosure sales." *Id.* (citing *Brock v. Jones*, 8 Tex. 78 (1852)).  The following must take place in order to satisfy the writing element of the statute of frauds:

> "The writing of his name as the highest bidder in the memorandum of sale by the auctioneer immediately on receiving his bid and knocking down the hammer is a sufficient signing of the contract within the statute of frauds so as to bind the purchaser.  The auctioneer must make some entry or memorandum in writing of the name of the purchaser and the terms of the sale in order to save the contract, as to the purchaser, from the operation of the statute of frauds."

> *Id.* at *4.

Failure to satisfy the statute of frauds renders the agreement voidable, which is a contract that remains valid unless one of the parties chooses to void the contract.

If the Substitute Trustee (the auctioneer in this case) wrote down the " … name as the highest bidder in the memorandum of sale … immediately on receiving his bid and knocking down the hammer …", then the statute of frauds is satisfied and the foreclosure sale was completed.  However, if no writing was made, then the contract is voidable and not obligatory upon the purchaser.

But even if the statute of frauds is satisfied, (*i.e.* the auctioneer wrote down the name of the purchaser ending the foreclosure sale) the inquiry is not ended.  Satisfaction of the statute of frauds means that the purchaser obtains equitable title.  *Pioneer Bldg. & Loan Ass'n. v. Cowan*, 123 S.W.2d 726, 730 (Tex. Civ. App.—Waco 1938, *writ dism'd judgmt cor.*), *Kirkman v. Amarillo Sav. Ass'n of Amarillo*, 483 S.W.2d 302, 309 (Tex. Civ. App.—Amarillo 1972, *writ ref'd n.r.e.*).  But the debtor would have retained legal title until execution and recordation of the deed.

The Court cannot determine from the stipulated facts whether the substitute trustee made a writing that satisfied the statute of frauds prior to the filing of the bankruptcy petition.

Therefore the Court cannot determine whether the trustee's sale is voidable for failure to comply with the statute of frauds.  But even if he did make a writing, under the stipulated facts, Debtor would nevertheless have retained legal title to the property because satisfying the statute of frauds would only transfer equitable title.

Because the Debtor's legal interest in the property became property of the estate, execution and recordation of the substitute trustee's deed violated Bankruptcy Code § 362(a)(3). The creditor has not asked for annulment of the stay retroactive to the date of the petition, and Debtor has not asked for sanctions for relief from the stay.  Therefore, the Court will not address those issues.

## FACT ISSUES THAT CANNOT BE DETERMINED FROM THE STIPULATED FACTS

A. *Would reasonable inquiry of the lienholder of record disclose the foreclosure sale? Hamilton* requires the Court in this adversary proceeding to determine whether an inquiry made to the mortgage company identified in Debtor's deed of trust, or other reasonable inquiry under all the facts of this case, would have disclosed the foreclosure sale.  If so, then Debtor (Plaintiff) cannot prevail under § 544(a)(3) to avoid the transfer.

*Hamilton* also indicates in footnote 12 that a bankruptcy court may also consider equitable principles.  Those equitable issues are not developed by the stipulated facts.

The bankruptcy court may ultimately take into account principles of equity and fairness in its determination of whether to allow the exercise of the strong-arm powers of avoidance. *See Momentum Mfg. Corp. v. Employees Creditors Comm. (In re Momentum Mfg. Corp.),* 25 F.3d 1132, 1136 (2d Cir.1994) ("[I]t is well settled that bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process."); *cf. Butner v. United States,* 440 U.S. 48, 55-56, 99 S.Ct. 914, 918-19, 59 L.Ed.2d 136 (1979) ("[T]he equity powers of the bankruptcy court play an important part in the administration of bankrupt estates in countless situations in which the judge is required to deal with particular, individualized problems."). The facts in the record support the conclusion that avoidance of the foreclosure would be equitable. Debtor Hamilton paid Bank United in March 1995 in an attempt to cure the default and relied on a statement of a Department of Veterans Affairs employee that the March payment had cured the default. The bankruptcy court valued Hamilton's homestead at $40,000; Realty Portfolio purchased the property for $3,600. However, these equitable considerations do not substitute for, or inform, the threshold analysis of whether a hypothetical bona fide purchaser "without notice" exists under the facts of the case. *See United States v. Sutton,* 786 F.2d 1305, 1308 (5th Cir.1986) (section 105 of the Bankruptcy Code, granting bankruptcy courts supplemental equitable powers, "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable

law, or constitute a roving commission to do equity"). The bankruptcy court must first resolve the issue of inquiry notice.[6]

B.     *Did the Substitute Trustee satisfy the statute of frauds prior to the filing of the bankruptcy case?*  Although the parties have stipulated that the Substitute Trustee did not execute the deed prior to the filing of the bankruptcy petition, they have not stipulated any facts relating to what writing, if any, was executed by the Substitute Trustee when the Substitute Trustee knocked down the hammer and accepted the lienholder's credit bid.

C.     *If the creditor prevails on the preceding two issues, the Court must still determine the application of equitable principles as set out in Hamilton and must still determine what resolution to make of stay violation issues.*

## ORDER FOR FURTHER CASE MANAGEMENT

The parties may want to resolve the remaining issues by agreement or may want to litigate them.  To address further case management, the Court will hold a status conference on June 24, 2010, at 10:00 AM.  Trial counsel for both parties must attend.

SIGNED 06/18/2010.

_Wesley W. Steen_

Wesley W. Steen
United States Bankruptcy Judge

---

[6] *Id* at 303 *n.12.*